1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     MARK A. HARRIS,                              No.  2:21-cv-1854 JAM AC P

12                    Petitioner,

13            v.                                    ORDER TO SHOW CAUSE

14     SUZANNE M. PERRY,

15                    Respondent.

16

17            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18     corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and paid the filing fee.  The petition challenges

19     the validity of a prison disciplinary finding that resulted in a 61-day credit loss.  ECF No. 1 at 1.

20     Petitioner is serving a sentence of 26 years to life.  Id.

21            The federal court may entertain only habeas claims that come within the core of federal

22     habeas jurisdiction, Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), meaning claims challenging

23     the validity or duration of a prisoner's confinement, Muhammad v. Close, 540 U.S. 749, 750

24     (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018).  Accordingly, challenges to

25     prison disciplinary findings support federal habeas jurisdiction only if the disciplinary action

26     resulted in a credit loss that directly and necessarily affects the duration of confinement.  Nettles

27     v. Grounds, 830 F.3d 922, 934-935 (9th Cir. 2016) (en banc), cert. denied 137 S. Ct. 645 (2017);

28     see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is proper

                                                   1

1  where a challenge to the prison conditions would, if successful, necessarily accelerate the

2  prisoner's release.").

3      The Ninth Circuit held in Nettles, supra, that the district court lacked jurisdiction over the

4  discipline-related claim of a California inmate serving an indeterminate life sentence, because he

5  had not yet been found suitable for parole.  Under these circumstances, and because many factors

6  independent of a particular disciplinary infraction can influence future parole suitability

7  determinations, neither expungement of the disciplinary finding nor restoration of lost good-time

8  credits would necessarily accelerate the inmate's release.  Accordingly, the claim was not

9  cognizable in habeas.  See Nettles, 830 F.3d at 934-935.

10      Because petitioner here is serving an indeterminate life sentence, the disciplinary matter

11  can only affect his release if he has already been found suitable for parole by the Board of Parole

12  Hearings and the credit loss changed his release date.  The petition before the court includes no

13  information about petitioner's parole suitability or the effect of the credit loss on any release date.

14      Accordingly, it is HEREBY ORDERED as follows:

15      1.  Petitioner shall show cause in writing, within 30 days of the date of this order, why his

16          petition should not be dismissed as outside the core of federal habeas jurisdiction;

17      2.  The response to this Order to Show Cause must state whether or not petitioner has

18          already been found suitable for parole by the Board of Parole Hearings.   If so,

19          petitioner must provide a copy of the Board's final decision, as well as documentation

20          to support any representations about the effect on his anticipated release date of the

21          61-day credit forfeiture alleged in the petition.

22  DATED: November 5, 2021

23

ALLISON CLAIRE
24  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2