UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. HARRIS,<br><br>    Petitioner,<br><br>  v.<br><br>SUZANNE M. PEERY,<br><br>    Respondent. | No.  2:21-cv-1854 TLN AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Following initial review of the petition, the undersigned ordered petitioner to show cause why the petition should not be dismissed for lack of jurisdiction.  ECF No. 6.  Petitioner has responded.  ECF No. 11.  For the reasons stated below, the undersigned recommends that this action be dismissed for lack of jurisdiction.

  I. <u>The Petition</u>

  The petition challenges a 2020 prison disciplinary finding.  ECF No. 1.  Petitioner alleges that prison officials violated his right to due process by finding him guilty, without sufficient evidence, of possessing a cellular device capable of making or receiving wireless communications.  <u>Id.</u> at 1, 4.  Specifically, petitioner contends that there was no affirmative evidence that the device in question was capable of making or receiving wireless

1

communications. Id. As a result of the disciplinary finding, petitioner was assessed a sixty-one-day loss of credit. Id. at 1.

The face of the petition indicates that petitioner is currently serving an indeterminate sentence of twenty-six years to life. Id.

## II. Summary Dismissal Standard

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## III. Scope of Federal Habeas Corpus Jurisdiction

Claims in a federal habeas petition must lie at the core of habeas corpus in order to proceed. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). Specifically, habeas jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's confinement. Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). This requirement is readily met when a prisoner challenges his conviction or sentence. When the challenge is to internal prison disciplinary proceedings, however, habeas jurisdiction exists only if success on petitioner's claims would necessarily result in his speedier release from custody. Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The Ninth Circuit has found habeas jurisdiction lacking where a California petitioner was serving an indeterminate sentence and had not been found suitable for parole; expungement of disciplinary findings and restoration of credits might increase the

2

likelihood of a future grant of parole in those circumstances, but would not guarantee parole or otherwise "necessarily result in speedier release" under state law. Nettles, 830 F.3d at 934-35.

### III. The Order to Show Cause and Response

On screening, the undersigned raised the issue of jurisdiction sua sponte. ECF No. 6. Petitioner was advised of the standards recited above, and he was directed to show cause why his petition should not be dismissed as outside the core of habeas. The court noted that it appeared petitioner was serving an indeterminate sentence, and petitioner was specifically instructed to inform the court whether he had already been found suitable for parole by the Board of Parole Hearings. If so, petitioner was directed to provide documentation of the Board's decision, as well as documentation establishing that the 61-day credit forfeiture alleged in the petition had a direct effect on his release date. ECF No. 6 at 2.

In response to the order to show cause (OSC), petitioner concedes that the 61-day credit loss did not itself affect his release date. ECF No. 11 at 2. He argues instead that this court has jurisdiction because the culpability finding from the disciplinary hearing "had an adverse [e]ffect on his prospects for release at his most recent parole suitability review[.]" Id. at 3. Petitioner states that the Board of Parole Hearings based its 2021 denial of parole "solely" on the disciplinary infraction, and that the Board also "extended his prison incarceration by three additional years" on that ground. Id. On this factual basis, petitioner argues that success on his challenge to the disciplinary finding will accelerate his release. Id. at 2-8.

### IV. Discussion

Petitioner's response to the OSC confirms what the court suspected: that petitioner is indeterminately sentenced and has not been found suitable for parole. A 61-day credit loss can only have a "necessary" effect on the duration of confinement if there is an otherwise certain release date which is postponed as the result of credit recalculation. This requires either a determinate sentence or, in the case of an indeterminately sentenced inmate, a prior finding of parole suitability. Neither is the case here, as petitioner acknowledges.

Petitioner's alternate theory of habeas jurisdiction was rejected by the Ninth Circuit in Nettles. It is not enough that a disciplinary finding presents a barrier to parole suitability, and that

expungement would remove that barrier and increase the chances of eventual release to parole. As the court explained in Nettles, this is too attenuated a relationship between success on the claim and the duration of custody to support federal habeas jurisdiction. See Nettles, 830 F.3d at 934-35. Parole suitability under California law turns on a determination whether the inmate constitutes a current threat to public safety, a determination which requires consideration of multiple factors including but not limited to disciplinary history. Id. at 935 (citing Cal. Code Regs. tit. 15, § 2281(b); In re Lawrence, 44 Cal. 4th 1181 (2008)); see also Ramirez, 334 F.3d at 859.[1] "Because the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' … the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Nettles, 830 F.3d at 935 (citation omitted).

Petitioner contends that the disciplinary finding he seeks to challenge here was the only thing standing between his incarceration and his release, and that the parole board "added" three years to his sentence because of the cell phone incident. The record supports neither contention. Plaintiff has provided the transcript of the March 2021 parole eligibility decision, ECF No. 11 at 9-25, which clearly documents the Board's consideration of factors relevant to dangerousness other than the 2020 disciplinary matter. The Board found several aggravating factors. It considered petitioner's history of gang involvement; his unstable social history; his repeated incarceration; the escalations of his crimes over time; his "terrible performance on supervision"; the nature of his commitment offense (murder); a 2018 disciplinary incident; and numerous other matters relevant to petitioner's suitability for parole. See ECF No. 11 at 13, 15-20. The transcript thus fails to support petitioner's claim that expungement of the disciplinary finding would necessarily result in his speedier release. To the contrary, the relationship between success in

---

[1] California regulations governing the determination of inmate suitability for parole clearly state that a prisoner sentenced to life "shall be found unsuitable for and denied parole if . . . the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2281(a). Information that may be considered includes the inmate's social history, past criminal history, and commitment offenses. Id., § 2281(b). Circumstances tending to show unsuitability include the commitment offense, specifically, multiple victims and victim abuse; previous record of violence; and institutional behavior. Id., § 2281(c) et seq.

habeas and speedier release is entirely speculative. As in Nettles, the presence of the disciplinary infraction did not compel the denial of parole and its absence would not compel a grant of parole.

It is equally inaccurate to say that the Board "added" time to petitioner's sentence. Petitioner's sentence of 26 years to life was imposed by the trial court. The Board's decision to schedule petitioner's next suitability hearing in three years followed the applicable statute. See Cal. Penal Code § 3041.5(b)(3) (if panel determines prisoner is unsuitable for parole, the Board will schedule a future hearing three or more years from the previous hearing); see also ECF No. 11 at 11 (Board announcing decision to give "minimal denial length"). This does not amount to an increase in the duration of custody; it is a reflection of petitioner's ongoing custody, pursuant to his underlying conviction and commitment, with an option for future consideration of parole.

Accordingly, petitioner's challenge to the 2020 disciplinary decision does not fall within the core of habeas corpus. The petition must therefore be summarily dismissed for lack of jurisdiction.[2]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

////

////

////

---

[2] Because petitioner does not seek damages or identify the individual(s) responsible for the alleged violations of his due process rights as defendants, the undersigned does not recommend conversion of the habeas petition into a civil rights action. See Nettles, 830 F.3d at 936. Conversion would subject petitioner to substantial filing fees without providing any avenue toward his desired result of parole.

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE